IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAYMIEN J. TILTON,                                         CV. 08-1231-HU

        Petitioner,              FINDINGS AND RECOMMENDATION

  v.

DON MILLS,

        Respondent.

Anthony D. Bornstein
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

1 -- FINDINGS AND RECOMMENDATION

Petitioner, an inmate at Two River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Respondent moves the court to deny habeas relief on the basis that petitioner procedurally defaulted grounds for relief two, three and four; and the state court's rejection of petitioner's constitutional claims is entitled to deference. For the reasons set forth below, I recommend that habeas relief be denied.

## BACKGROUND

On November 19, 2004, petitioner was indicted on 46 charges including reckless endangerment, felon in possession of a firearm, possession of a controlled substance, theft, forgery, and criminal forfeiture. On April 13, 2005, petitioner signed a plea petition indicating his intent to pled guilty to 23 of the charges in exchange for a stipulated sentence of 151 months. Resp. Exh. 103.

On April 13, 2005, a hearing was held before the Honorable Jack Billings. Resp. Exh. 104. Prior to accepting petitioner's plea, Judge Billings discussed petitioner's complaints about the prosecutor, Debra Vogt, and defense counsel, Elizabeth Baker:

> THE COURT: * * * You understand I'm not in a position nor do I see a reason to remove Ms. Vogt from the case, and I presume any complaints you might have about her aren't going to be heard. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I also would tell you that I've had the pleasure of knowing Ms. Baker and

>           watching her in court – in fact, she's
>           been an adversary at various times when I
>           was practicing law in domestic cases.
>           She's an excellent attorney.
>
>           Now, if you've had any issues about her
>           ability to represent you, I can assure
>           you that we could not have gotten a more
>           competent attorney to represent you.
>
>                       * * * * *
>
> THE COURT:    And I can assure you, from my standpoint,
>               that Ms. Baker has done everything she
>               can to represent you, which means not
>               only go out and see if there is any
>               additional information to obtain that
>               might be able to be of some assistance to
>               you but also to advise you about the
>               risks of conviction on these various
>               counts. Has she done that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT:    And I see an investigator behind here.
>               She's employed an investigator who has at
>               least gone out to try to follow up on
>               things you may have suggested. Would
>               that be right?
>
> THE DFENDANT: Yes, sir.

Id. at 3-4.

Prior to entering his plea, petitioner expressed his understanding of the plea petition, the rights he was giving up, that he was entering the plea freely and with a clear mind, and that he was satisfied by Ms. Baker's representation. Id. at 4-8. Judge Billings accepted petitioner's guilty plea, and subsequently sentenced him to a 164-month term of incarceration. Id. at 10-24; Resp. Exh. 105.

3 -- FINDINGS AND RECOMMENDATION

Petitioner filed a petition for post-conviction relief raising three grounds for relief.  The post-conviction court denied relief except that petitioner's sentence was corrected to the stipulated length of 151 months.  Resp. Exhs. 106, 115 & 116.  The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review.  Tilton v. Hall, 220 Or. App. 457, 187 P.3d 231, rev. denied, 345 Or. 175 (2008).

## DISCUSSION

### I.  Procedural Default.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law.  Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005); Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based.  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir.), cert. denied, 130 S.Ct. 1014 (2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).  The "mere mention of the federal Constitution as a whole, without specifying an

4 -- FINDINGS AND RECOMMENDATION

applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021 (9th Cir.), <u>cert. denied</u>, 546 U.S. 1037 (2005).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. <u>Casey</u>, 386 F.3d at 920; <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750.

**A.  Ground for Relief Two.**

In ground for relief two, petitioner alleges that his right to due process was violated because his plea was not knowing, intelligent, or voluntary. Respondent contends that this ground is procedurally defaulted because "[w]hile petitioner did set forth a claim in his Formal Petition asserting that his plea was not voluntarily or intelligently entered, it was alleged as an error against trial counsel for a failure to object to the trial court." Additionally, respondent contends that this ground was not raised on appeal from the denial of post-conviction relief.

A review of the record reveals that petitioner did "fairly present" a due process challenge to his plea in his formal petition

5 -- FINDINGS AND RECOMMENDATION

for state post-conviction relief.  In his third claim for relief, petitioner alleged that he was denied due process because "[a] reasonable and prudent person would immediately recognize that the Petitioner had mental defects."  However, petitioner did not fairly present the claim to the Oregon Court of Appeals on appeal from the denial of post-conviction relief.

On appeal, petitioner filed a Balfour Brief.  See State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991).  In Section B of the brief, petitioner alleged that the post-conviction court erred in failing to grant relief after being told by petitioner that his right to a "fair trial" had been violated and that he "didn't want to take the deal but felt forced into it" by the threat of a 40 year sentence in violation of both the state and federal constitutions.  Resp. Exh. 117 at 5.

Petitioner does not identify the Due Process Clause in this assignment, nor does he unambiguously incorporate by reference the claims raised in his formal petition for post-conviction relief. Compare Farmer v. Baldwin, 563 F.3d 1042, 1043 (9th Cir. 2009) (holding that incorporation by reference is permissible method of raising an issue on appeal); with Jackson v. Belleque, 2010 WL 348357, *4 (D.Or. Jan. 21, 2010) (inclusion of post-conviction petition in excerpt of record does not function as a incorporation by reference).  Accordingly, I conclude that ground for relief two was not fairly presented to the Oregon Court of Appeals or Supreme

6 -- FINDINGS AND RECOMMENDATION

Court. Because the time for doing so has expired (<u>see</u> O.R.S. 138.650), this ground for relief is procedurally defaulted. Petitioner has made no showing to excuse this procedural default.

In so holding, I conclude that petitioner's "Affidavit," submitted as part of Section B in his Balfour Brief, stating that petitioner would like to "raise all the claim's associated herein my post-conviction appeal" and his general assertion that he wishes to "federalize" his claims is not a fair presentation given the fact that he submitted a specific list of questions presented and assignments of error which did *not* include a due process claim. <u>See</u> Resp. Exh. 117 at 6-11.

In the alternative, habeas relief should be denied on the basis that petitioner failed to address this ground for relief in his supporting memorandum and, therefore, has failed to demonstrate that the state post-conviction court's decision is contrary to, or an unreasonable application of, clearly established federal law. <u>See</u> <u>Lambert v. Blodgett</u>, 393 F.3d 943, 970 n. 16 (9th Cir. 2004), <u>cert. denied</u>, 546 U.S. 963 (2005) (petitioner bears burden of proving his case); <u>Davis v. Woodford</u>, 384 F.3d 628, 638 (9th Cir. 2004) (same); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits notwithstanding failure of the applicant to exhaust state remedies).

///

///

7 -- FINDINGS AND RECOMMENDATION

### B. Ground for Relief Three.

In ground for relief three, petitioner alleges that he was denied a mental health evaluation before entering his guilty plea. I agree with respondent that this ground for relief is procedurally defaulted because it was not raised in petitioner's formal petition for post-conviction relief. Moreover, to the extent it was raised on appeal from the denial of post-conviction relief, it was done so in the context of an ineffective assistance of counsel claim only. See Resp. Exh. 117 at 6 & 8. Accordingly, this ground for relief is procedurally defaulted. See O.R.S. 138.550(3). Because petitioner has made no showing to excuse this procedural default, habeas relief is not warranted.

In the alternative, habeas relief should be denied on the basis that petitioner has failed to sustain his burden of demonstrating that habeas relief is warranted. See Lambert, 393 F.3d at 970 n. 16; Davis, 384 F.3d at 638.

### C. Ground for Relief Four.

In his fourth ground for relief, petitioner alleges that he was subjected to "Selective Prosecution" because the charges against him were dropped and refiled. Petitioner failed to raise this ground for relief in his formal petition for post-conviction relief, or on appeal therefrom. To the extent that he references "selective prosecution" in his appellate brief, it is done so in the context of an ineffective assistance of counsel claim. See

8 -- FINDINGS AND RECOMMENDATION

Resp. Exh. 117 at 5 & 7. Accordingly, this ground is procedurally defaulted. Because petitioner has made no showing to excuse this procedural default, habeas relief is not warranted. In the alternative, habeas relief should be denied on the basis that petitioner failed to sustain his burden of proving that habeas relief is warranted as to this ground. See Lambert, 393 F.3d at 970 n. 16; Davis, 384 F.3d at 638.

## II.  The Merits (Ground for Relief One).

### A.  Background.

In his first ground for relief, petitioner alleges that trial counsel was ineffective for failing to (1) investigate potentially meritorious legal defenses; (2) withdraw from representing petitioner when ethical conflicts arose;[1] (3) correctly and adequately advise and inform petitioner of meritorious legal defenses; and (4) properly advise and represent petitioner in relation to the negotiated plea.

At the state post-conviction proceeding, both the state and petitioner's post-conviction counsel waived oral argument and rested on their trial memoranda and exhibits. Resp. Exh. 115 at 3-4. The state offered as exhibits petitioner's deposition testimony and the affidavit of defense counsel, Elizabeth Baker. Resp. Exhs. 109, 114 & 115 at 3. Ms. Baker attested to the following:

---

[1] Petitioner does not pursue this allegation of ineffective assistance of counsel. See Supporting Memorandum at 8, n. 3.

9 -- FINDINGS AND RECOMMENDATION

> 1. I did not force petitioner to plead guilty to 23 of the 46 charges against him. With full knowledge of his options, he chose to accept the plea offer because he did not want to risk the lengthy prison sentence that he was facing. He had no plausible defenses to any of the criminal charges, and the prosecutor intended to seek upward departure sentences.
>
> 2. My standard practice is to assign an investigator to interview all of the witnesses who are identified in discovery and those identified by my client. There were no helpful witnesses in petitioner's case, and numerous harmful witnesses.
>
> * * * * *
>
> 6. Petitioner was fully apprised of the charges and potential sentence that he faced. He was also provided with a copy of the indictment and all of his discovery, and made aware of the sentencing Guidelines grid. * * * Petitioner appeared to have read all of the documents that I gave him, including the plea petition. In addition, I read the plea agreement aloud to him. That is my unvarying professional practice.
>
> * * * * *
>
> 8. Petitioner was fully capable of aiding and assisting. Throughout my representation, petitioner gave no indication that he was having difficulty understanding or tracking everything that we discussed. He never indicated that he was hearing voices. If he had said that, I would have had him evaluated, whether or not he wanted an evaluation, simply to determine the issue of competency to proceed. I am confident that petitioner was malingering and that we would not have been able to find a mental health professional to testify that petitioner was legally insane at the time of the crimes.

Resp. Exh. 109.

At the conclusion of the post-conviction hearing, the Honorable James Hargreaves rejected petitioner's claims of ineffective assistance of counsel as follows:

10 -- FINDINGS AND RECOMMENDATION

> There's no evidence here that there was a failure to investigate nor what additional facts would have been provided that would have been of benefit if additional investigation had been done. So that is not a basis.
>
> Number (7), interview any witnesses on behalf of the Petitioner, there's simply no evidence of that, and even if there was, there's no showing what these witnesses would have said. So that can't form a basis for post-conviction.
>
> Number (8), subpoena any witnesses. Well, there was no trial, so there's no basis for subpoena, so that fails.
>
> \* \* \* \*
>
> Number (11), properly counsel petition[er] with regard to the proffered plea agreement. It's a little difficult to understand exactly what that's all about, but when you read through all of this, it's clear that there's no believable or, really evidence of any weight to support that. So that fails.

Resp. Exh. 115 at 6.

**B.   Analysis**.

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The Supreme Court has applied this two-part analysis to ineffective-assistance claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

11 -- FINDINGS AND RECOMMENDATION

Petitioner has made no attempt to demonstrate that the post-conviction court's factual findings underlying its rejection of petitioner's claims of ineffective assistance of counsel are unreasonable in light of the evidence presented. See 28 U.S.C. § 2254(d)(2). Rather, petitioner argues only that the state post-conviction court's decision is not entitled to § 2254(d) deference because it "did not personally hear Mr. Tilton's testimony or that of trial counsel."

Petitioner cites no case law to support a conclusion that the state court's rejection of a petitioner's constitutional claims is not entitled to deference unless the state court holds an evidentiary hearing. Indeed, the only statutory requirement is that the claims be "adjudicated on the merits in State court," i.e., that the state court decision resolve the rights of the petitioner based on the substance of the constitutional claims asserted, rather than on the basis of a procedural rule precluding state court review. Lambert, 393 F.3d at 969. "The requirement of an adjudication on the merits does not mandate a hearing or other judicial process beyond rendering a decision." Barker v. Fleming, 423 F.3d 1085, 1092 (9th Cir. 2005), cert. denied, 547 U.S. 1138 (2006).

Accordingly, the state post-conviction court's decision is entitled to the deference afforded under 2254(d). Applying that deferential standard, I conclude that petitioner has failed to

12 -- FINDINGS AND RECOMMENDATION

demonstrate that the post-conviction court's holding that trial counsel's performance was reasonable is either contrary to, or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).  Accordingly, habeas relief is not warranted.  See West v. Ryan, 608 F.3d 477, 490 (9th Cir. 2010) (if petitioner fails to demonstrate that counsel's performance was deficient under first prong of Strickland, court need not address the second, "prejudice" prong of the Strickland analysis).

Petitioner's alternative request for an evidentiary hearing should be denied because petitioner has failed to establish that an evidentiary hearing would produce evidence more reliable than the documentary evidence presented to the post-conviction court.  See Griffin v. Johnson, 350 F.3d 956, 966 (9th Cir. 2003), cert. denied, 541 U.S. 998 (2004).

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#3) should be denied, and this proceeding dismissed, with prejudice.  Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED.  See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due September 20, 2010.  If no

13 -- FINDINGS AND RECOMMENDATION

objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due October 7, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this __1st__ day of September, 2010.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

14 -- FINDINGS AND RECOMMENDATION