IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAYMIEN J. TILTON,

        Petitioner,

        v.

DON MILLS,

        Respondent.

No. CV 08-1231-HU

OPINION AND ORDER

**MOSMAN, J.**,

On September 1, 2010, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") (#27) in the above-captioned case recommending that Mr. Tilton's Petition for Writ of Habeas Corpus be denied, the proceedings should be dismissed, and a certificate of appealability should be denied. Petitioner filed objections to the F&R (#29), and respondent filed a response to those objections (#30).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner argues in his objections that because the state's post-conviction court did not personally hear petitioner's testimony, its decision is not entitled to deference under 28 U.S.C. § 2254(d)(2). As Judge Hubel explained in his F&R, however, the Ninth Circuit has rejected this argument in *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005), *cert. denied*, 547 U.S. 1138 (2006).

Petitioner also objects to Judge Hubel's finding that the post-conviction court did not act contrary to, or use an unreasonable application of clearly established federal law when it determined that trial counsel's performance was reasonable. For the reasons given in the F&R, I disagree.

Petitioner further objects to being denied an evidentiary hearing. A petitioner is not entitled to an evidentiary hearing unless he shows that it would produce evidence that is "more reliable or more probative." *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003). Here petitioner does not explain what the evidentiary hearing would try to determine, let alone why it would be more reliable or more probative. For that reason, his request should be denied.

Finally, petitioner objects to the denial of a certificate of appealability. A petitioner is only entitled to a certificate of appealability if he has "made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253.  He has not made a substantial showing for any of his claims, so his request must be denied.

Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R (#27) as my own opinion.

IT IS SO ORDERED.

DATED this   20th   day of October, 2010.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court